IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CSX TRANSPORTATION, INC.<br>500 Water Street<br>Jacksonville, FL  32202-4423<br>    Plaintiff | )<br>)<br>)<br>)<br>) | CIVIL ACTION |
| v. | )<br>) | CASE NO.:  05-139 Erie |
| PORT ERIE PLASTICS, INC.<br>909 Troupe Road<br>Harborcreek, PA  16421<br>    Defendant | )<br>)<br>)<br>) | |

**BRIEF IN SUPPORT OF MOTION TO DISMISS
FILED ON BEHALF OF PORT ERIE PLASTICS, INC.**

Defendant Port Erie Plastic, Inc., by and through its attorneys MacDonald, Illig, Jones & Britton LLP, files the following Brief in Support of Defendant's Motion for Dismissal.

**I.   Question Presented**

A.   WHETHER PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12 BECAUSE PLAINTIFF'S COMPLAINT PLEADS NO FACTS THAT COULD SUPPORT A CAUSE OF ACTION AGAINST DEFENDANT FOR COLLECTION OF DEMURRAGE?

**II.   Statement of Facts**

This is an action to collect demurrage under the Federal Act.  The following is the entirety if plaintiff's "claim," as set forth in the complaint:

5. Between May of 2002 and October of 2003, defendant incurred $127,116.00 in demurrage charges pursuant to the terms of CSX's tariff, all of said charges due and owing to CSX.

6. A full compilation of all charges has been prepared by invoice and submitted to defendant. (Said compilation was not attached to Complaint.)

7. The assessed demurrage charges were determined and made applicable pursuant to the rules and rates promulgated and published in accordance with 49 U.S.C. § 10746.

8. Despite repeated demand, defendant has failed and refused to make any payments for the demurrage charges incurred.

### III. Argument

Dismissal of claims under Fed. R.Civ.P. 12(b)(6) should be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Although the court must assume as true all well-pleaded facts, "[i]t is not … proper to assume that the [plaintiff] can prove facts that it has not alleged." *Associated General Contractors of Calif., Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). In this case, Plaintiff has not asserted that Defendant was a "shipper" in order to be liable for demurrage under the Act.

When confronted with a 12(b)(6) motion, "the court must review the allegations of *fact* contained in the complaint; for this purpose the court does not consider conclusory recitations of law." *Commonwealth of Pennsylvania v. PepsiCo, Inc.*, 836 F.2d 173, 179 (3d Cir. 1988); *Doug*

*Grant, Inc. v. Greate Bay Casino Corp.*, 3 F.Supp.2d 518, 530 (D.N.J. 1998). Although the court must accept as true all factual allegations in the complaint, it need not accept as true "unsupported conclusions and unwarranted inferences." *Doug Grant Inc. v. Greate Bay Casino Corp.*, 232 F.3d 173, 184-85 (3d Cir. 2000). A court should not "credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906 (3d Cir. 1997); *In re Burlington Coat Factory Securities Litigation,* 114 F.3d 1410, 1429-30 (3d Cir. 1997). If the plaintiff is not entitled to relief, then the complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). *Ramsgate Court Townhom Ass'n v. West Chester Borough*, 313 F.3d 157, 159 (3d Cir. 2002); *City of Philadelphia v. Beretta U.S.A., Corp.,* 126 F.Supp.2d 882, 910 (E.D.Pa. 2000); *Decker v. Landmark Sav. Ass'n.*, 798 F.Supp. 1174, 1176 (W.D.Pa. 1991). In fact, plaintiff's Complaint fails to assert any status whatsoever for defendant to be liable to plaintiff.

In *Morse v. Lower Merion School District*, 132 F.3d 902 (3d Cir. 1997), the court dismissed plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief could be granted. Plaintiff's case was premised on the "state-created danger" theory of liability, the first element of which required plaintiff to prove that the "harm ultimately caused was a foreseeable and a fairly direct result of the state's actions." Although the plaintiff asserted that conclusion in his complaint, the assertion was not sufficient to overcome defendant's motion to dismiss because the court need not accept plaintiff's bald assertions or legal conclusions that are contained in the complaint. *Morse*, 132 F.3d at 908.

As in *Morse*, Plaintiff's complaint here sets forth "bald assertions [and] legal conclusions." *Id.* The complaint's only assertions concerning the defendant are that defendant "incurred" demurrage charges and "failed and refused to make any payments." (Complaint ¶ 5

and 8). Although the court must accept as true all factual allegations in the complaint, it should not accept as true unsupported conclusions, unwarranted inferences, *Doug Grant Inc.* 232 F.3d at 184-85, bald assertions or legal conclusions when deciding a motion to dismiss. *Morse,* 132 F.3d at 906. Plaintiff's assertion that defendant "incurred" demurrage charges is unsupported by any allegation of fact, and an unwarranted legal conclusion of liability that should not be accepted as true. *Id.* As in *Morse*, plaintiff's assertion that defendant incurred demurrage without asserting the status of the Defendant in order to be liable is not sufficient to overcome defendant's motion to dismiss. *Morse,* 132 F.3d at 908.

The Third Circuit stated that, as to railroads, demurrage is "a charge exacted by a carrier from a shipper…on account of a failure to load or unload cars within the specified time prescribed by the applicable tariffs." *Union Pacific RR Co. v. Ametek, Inc.*, 104 F.3d 558, 559 (3d Cir. 1997). In this case defendant was not asserted by the Complaint to be a "shipper" under the statute. This omission in the facts plead in the Complaint is fatal to Plaintiff's cause of action under the statute. Beyond the unsupported bald assertions and legal conclusion that defendant "incurred" demurrage charges, plaintiff's complaint fails to set forth a claim for demurrage, and plaintiff has not set forth any facts in support of a claim, that, if proven, would entitle him to relief. *Associated General Contractors of Calif., Inc.*, 459 U.S. at 526; *Conley v. Gibson*, 355 U.S. at 45-46. As such, plaintiff's complaint fails to set forth a claim upon which relief may be granted, *Associated General Contractors of Calif., Inc.*, 459 U.S. at 526; *Conley v. Gibson*, 355 U.S. at 45-46, and should be dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *Ramsgate Court Townhom Ass'n*, 313 F.3d at 159; *Beretta U.S.A., Corp.,* 126 F.Supp.2d at 910; *Decker*, 798 F.Supp. at 1176.

**IV.** **Conclusion**

Since plaintiff's complaint fails to set forth well-pleaded facts that support a claim for demurrage against Port Erie Plastic, Inc. as a "shipper," and therefore fails to set forth any claim upon which relief can be granted, defendant Port Erie Plastics, Inc. respectfully requests that this Honorable Court dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

Respectfully submitted,

*Richard J. Parks*
Richard J. Parks
MacDONALD, ILLIG, JONES & BRITTON LLP
100 State Street, Suite 700
Erie, Pennsylvania 16507-1459
(814) 870-7754

Attorneys for Defendant
 Port Erie Plastics, Inc.

898218.1A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CSX TRANSPORTATION, INC. | ) | CIVIL ACTION |
| 500 Water Street | ) | |
| Jacksonville, FL 32202-4423 | ) | |
|     Plaintiff | ) | |
| | ) | |
|     v. | ) | CASE NO.: 05-139 Erie |
| | ) | |
| PORT ERIE PLASTICS, INC. | ) | |
| 909 Troupe Road | ) | |
| Harborcreek, PA 16421 | ) | |
|     Defendant | ) | |

## **CERTIFICATE OF SERVICE**

I hereby certify a true and correct copy of the within Brief in Support of Motion to Dismiss Filed on Behalf of Port Erie Plastics, Inc., was served on counsel of record, as set forth below, by first class mail, postage pre-paid on the 13th day of July, 2005.

> Jeffrey D. Cohen, Esquire
> Janssen, Keenan & Ciardi PC
> One Commerce Square
> 2005 Market St., Suite 2050
> Philadelphia, PA 19103

    Respectfully submitted,

    *Richard J. Parks*
    Richard J. Parks
    MacDONALD, ILLIG, JONES & BRITTON LLP
    100 State Street, Suite 700
    Erie, Pennsylvania 16507-1459
    (814) 870-7754

    Attorneys for Port Erie Plastics, Inc.
     Defendant