IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CSX TRANSPORTATION, INC.<br>500 Water Street<br>Jacksonville, FL 32202-4423 : <br> : <br>                        Plaintiff : <br> : <br>v. : <br> : <br>PORT ERIE PLASTICS, INC. : <br>909 Troupe Road : <br>Harborcreek, PA 16421 : <br> : <br>                        Defendant. : | CIVIL ACTION<br><br>CASE NO. 05-139 Erie |

## BRIEF IN OPPOSITION TO MOTION TO DISMISS

Plaintiff CSX Transportation, Inc. (hereinafter, "CSX"), by and through the undersigned attorneys, files this brief in opposition to defendant Port Erie Plastics, Inc.'s (hereinafter, "Port Erie") motion for dismissal.

### I.   INTRODUCTION

Port Erie seeks dismissal of CSX' claim on the ground that CSX has not "set forth well-pleaded facts" that identify Port Erie as a "shipper" in a claim for demurrage charges. Port Erie's motion is based on both a patent misstatement of the law relevant to such a claim and a fundamental misunderstanding of the notice-pleading requirements of Fed. R. Civ. P. 8(a). Accordingly, Port Erie's motion should be denied.

### II.   RELEVANT FACTS

CSX' complaint alleges that Port Erie incurred demurrage charges between May of 2002 and October of 2003 pursuant to CSX's tariff. CSX also alleges that all such charges have been previously submitted to Port Erie by invoice. CSX has further alleged that the demurrage

charges apply to Port Erie under rules and rates promulgated and published in accordance with 49 U.S.C. § 10746. Finally, CSX has alleged that, after repeated demands, Port Erie has refused to make payments for the demurrage charges it has incurred.

Port Erie contends that CSX has failed to support its assertion that Port Erie has incurred demurrage charges because of a failure to aver "allegation[s] of fact." Port Erie's Brief at 4. Port Erie further contends that, because CSX did not identify Port Erie as a "shipper" in its complaint, the Complaint fails to state a claim upon which relief can be granted.

## III. ARGUMENT

"A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 42, 45 – 46 (1957). When resolving a motion under Fed. R. Civ. P. 12(b)(6), the court must accept the plaintiff's factual allegations as true, and it must draw all reasonable inferences in plaintiff's favor. *See Travel All Over the World, Inc. v. Kingdom of Saudi Arabia*, 73 F.3d 1423, 1429-1430 (7th Cir. 1996); *see also Sanner v. Chicago Bd. of Trade*, 62 F.3d 918, 925 (7th Cir. 1995). The court should construe a plaintiff's allegations liberally, in light of Fed. R. Civ. P. 8, which requires only general or "notice" pleading, rather than detailed fact pleading. *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512 (2002) (citing *Conley v. Gibson* for the proposition that a complaint need only "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests");

CSX has alleged that Port Erie has "incurred $127,116.00 in demurrage charges." Complaint at ¶ 5. Port Erie argues that that allegation is insufficient because it is "unsupported by any allegation of fact, and [is] an unwarranted legal conclusion of liability." Port Erie's Brief at 4. That Port Erie incurred demurrage charges is a statement of fact. CSX has stated that the

charges are based on its tariff, which is also a statement of fact. CSX has further stated that it has provided Port Erie with notice of the charges by sending it invoices, which is also a statement of fact. This Court must accept all of those allegations as true, construe them liberally, and resolve all reasonable inferences in CSX' favor. The end result is that CSX has given Port Erie fair notice of its claims and the grounds on which they rest. Accordingly, Port Erie's motion must be denied.

Port Erie also argues that the Complaint should be dismissed because CSX failed to assert that Port Erie is a "shipper." Port Erie's argument is based on a mischaracterization of the applicable law, specifically *Union Pacific RR Co. et al v. Ametek, Inc. et al*, 104 F.3d 558 (3d Cir. 1997). Port Erie argues that *Ametek* limits a demurrage action to shippers of freight only. Port Erie's Brief at 4. The Third Circuit, however, quoting from Black's Law Dictionary, stated that "demurrage is 'a charge exacted by a carrier from a shipper *or consignee* on account of a failure to load or unload cars within the specified time prescribed by the applicable tariffs . . .'". *Ametek*, 104 F.3d at 559, n. 2 (emphasis added). The court went on to say that "[r]ailroads charge shippers *and receivers* of freight 'demurrage' fees if the shippers *or receivers* detain freight cars on the rails beyond a designated number of days." *Id* (emphasis added).

Notwithstanding Port Erie's mischaracterization of pertinent case law, the fact remains that CSX has alleged facts sufficient to put Port Erie on notice of the nature and scope of CSX' demurrage claims. That is all CSX is required to do under Fed. R. Civ. P. 8(a). If Port Erie's status does not fall within the scope of persons subject to a demurrage claim, then it can raise that defense affirmatively, develop evidence of its status in discovery and take advantage of the rules allowing for summary judgment. CSX has met the notice-pleading requirements under the Federal Rules and, accordingly, Port Erie's motion must be denied.

IV.  **CONCLUSION**

For the reasons set forth above, Port Erie's motion to dismiss should be denied, and the Court should enter an Order, pursuant to Fed. R. Civ. P. 12(a)(4)(A), requiring Port Erie to file an answer to the Complaint within ten (10) days after notice of its denial of the motion.

						_____
						Paul D. Keenan, Esquire
						Jeffrey D. Cohen, Esquire
						**JANSSEN KEENAN, P.C.**
						One Commerce Square
						2005 Market Street, Suite 2050
						Philadelphia, PA 19103
						(215) 665-8888
						(215) 665-8887 (fax)

						Attorneys for Plaintiff
						CSX Transportation, Inc.

Dated: July 26, 2005

## CERTIFICATE OF SERVICE

I, Jeffrey D. Cohen, hereby certify that on July, 26, 2005, I caused a true and correct copy of the foregoing Brief in Opposition To Motion to Dismiss to be served by U.S. mail upon the following counsel of record:

    Richard J. Parks, Esquire
    MacDonald, Illig, Jones & Britton LLP
    100 State Street, Suite 700
    Erie, Pennsylvania 16507-1459

                       Jeffrey D. Cohen
                       **JANSSEN KEENAN, P.C.**
                       One Commerce Square
                       2005 Market Street, Suite 2050
                       Philadelphia, PA 19103
                       (215) 665-8888
                       (215) 665-8887 (fax)

                       Attorneys for Plaintiff
                       CSX Transportation, Inc.

LAW OFFICES
# JANSSEN & KEENAN P.C.

CHARLES L. HOWARD
DIRECT DIAL: 215-599-3323
CHOWARD@JANSSENKEENAN.COM

ONE COMMERCE SQUARE
SUITE 2050
2005 MARKET STREET
PHILADELPHIA, PA 19103

(FAX) 215-665-8887

July 26, 2005

<u>*Via FedEx*</u>

Clerk's Office
U.S. District Court for the Western District
   of Pennsylvania - Erie Division
Room A150, U. S. Courthouse
17 South Park Row
Erie, PA 16501

> Re:   CSX Transportation, Inc. v. Port Erie Plastics, Inc.
> U.S. District Court, Western District of Pennsylvania
> Civil Action No. 05-139Erie
> <u>Our File No. 1326.071</u>

Dear Sir or Madam:

Enclosed please find the original and one copy of the following documents in the above-referenced matter:

1. CSX Transportation, Inc.'s Disclosure Statement; and

2. Brief in Opposition to Motion to Dismiss.

Please file the originals and return time-stamped copies to me in the enclosed self-addressed stamped envelope.

Also enclosed is a diskette containing these documents in .pdf format.

Sincerely yours,

JANSSEN & KEENAN P.C.

By: _____
Charles L. Howard

CLH:klh
Enclosures
cc:   Richard J. Parks, Esquire (w/encl.--via first class mail)