IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CSX TRANSPORTATION, INC. | ) | CIVIL ACTION |
| 500 Water Street | ) | |
| Jacksonville, FL  32202-4423 | ) | |
|     Plaintiff | ) | |
| | ) | |
|     v. | ) | CASE NO.:  05-139 Erie |
| | ) | |
| PORT ERIE PLASTICS, INC. | ) | |
| 909 Troupe Road | ) | |
| Harborcreek, PA  16421 | ) | RELATED DOCUMENT NO. 11 |
|     Defendant | ) | |

## ANSWER AND
## STATEMENT OF DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

    1.  Admitted.

    2.  Admitted.

    3.  Admitted in part; denied in part.  It is denied that any demurrage charges are due to the plaintiff by the defendant.  It is admitted that the plaintiff has alleged such liability in its First Amended Complaint.

    4.  Admitted.

    5.  Denied.  It is specifically denied that the defendant has incurred any demurrage charges to the plaintiff whatsoever.  It is further denied that the amount claimed is consistent with the pre-filing demands made by the plaintiff which were made in a context in which to extort shipping services from the defendant by the plaintiff.

    6.  Denied.  It is specifically denied that the defendant was a "consignee" of the freight shipped by defendant or that defendant was a party to any shipping contract between the plaintiff and Nexpak or any other party.  By way of further denial it is believed that Nexpak was at all

times responsible for the charges and paid the charges as both the shipper and the recipient "consignee" of the shipments of plastic resin shipped by Plaintiff to Erie, Pennsylvania and Canton, Ohio at the sole direction of Nexpak.

    7.  Denied.  It is specifically denied that a full compilation of charges has been prepared by invoice and submitted to defendant.  On the contrary, and contrary to paragraph six above, the partial statements of account which were provided to defendant's counsel are attached hereto and incorporated herein as if fully set forth again at length by reference as Exhibit "A".  Those statements clearly assert that the plaintiff's records list defendant as a "shipper" not a "consignee".

    By way of further response, plaintiff is fully aware that defendant was not either a shipper or consignee of shipments ordered and received by Nexpak in Erie, Pennsylvania and Canton, Ohio.  Plaintiff has repeatedly attempted to extort a shipping agreement out of the defendant in exchange for not asserting the frivolous claims set forth within its Complaint and has repeatedly been advised that Defendant was not a party to Plaintiff's contracts with Nexpak.

    8.  Denied.

    9.  Admitted in part; denied in part.  It is admitted that the defendant has repeatedly refused to pay extortion amounts or any claim of the plaintiff due to the fact that the plaintiff has improperly asserted liability against the defendant as a matter of law.  By way of further response, there are no demurrage charges due to the plaintiff by the defendant who was neither a shipper nor consignee on any shipping contract with plaintiff.

    WHEREFORE, defendant Port Erie Plastics respectfully requests that the plaintiff's Complaint be dismissed and that damages be awarded in favor of the defendant and against the plaintiff for having to defend the within suit which has no merit under law.

**Statement of Defenses**

10. Defendant hereby incorporates paragraphs one through nine inclusive of this Answer as if fully set forth again at length.

11. At all times relevant, and through the present time, defendant is not able to receive shipments of any commodity by railcar as the defendant Port Erie Plastics has no "railroad side" access on it's property.

12. Any and all shipments of plastic ultimately received by Port Erie Plastics were made for the benefit of Nexpak and delivered at the direction of Nexpak, not by the plaintiff to defendant's business, but rather by Presque Isle Trucking who was contracted to off-load Nexpak's plastic from plaintiff's rail cars to be delivered to defendant's place of business by Presque Isle Trucking where it remained at all times relevant the property of Nexpak, not defendant. At all times relevant title to the plastic resin was held by Nexpak who ordered, directed delivery and paid for the resin shipped by plaintiff.

13. At no time, during any of the shipments or the delivery of plastic resin by plaintiff, did the defendant obtain title to the plastic resin which was at all times owned by Nexpak and remained the property of Nexpak, not the defendant until it was ordered to be manufactured for Nexpak at defendant's facilities.

14. At all times relevant, the plaintiff took its shipping orders, transfer orders and delivery orders from Nexpak, not the defendant, including, it is believed the diversion of some shipments of resin from the supplier originally directed to be shipped to Erie to be delivered to Nexpak's plant located in Canton, Ohio rather than the Erie Plastec Corporation rail side yard

used by Nexpak. Defendant had no control over the receipt of shipments prior to Presque Isle Trucking's delivery of Nexpak resin to defendant's business.

15. The agreement between the defendant Port Erie Plastics and Nexpak, was a "just in time" inventory system wherein Nexpak purchased and maintained title to, and all control over, the plastic resin which was delivered by the plaintiff until such time as Nexpak directed the defendant to mold its plastic into product. Only at the time of the molding, did Port Erie Plastics actually purchase the plastic resin which was purchased directly from Nexpak, not the supplier or shipper. At no time did Nexpak relinquish control over the plastic resin until it directed the molding of the resin by the defendant for the sole and direct benefit of Nexpak in order to produce CD "jewel boxes" and DVD cases for Nexpak.

16. The defendant has repeatedly advised the plaintiff of the inventory agreement with Nexpak and plaintiff was fully aware that defendant was neither the shipper nor a consignee, as that term is defined by law, of the plastic which was owned by, purchased by, and shipped by and received by Nexpak Corporation.

17. It is believed and therefore averred that all shipping charges incurred to the plaintiff for all of the rail cars delivered to the Plastec rail side yard by the plaintiff at the direction of Nexpak as well as shipments diverted to Canton, Ohio by Nexpak were, in fact, paid for by Nexpak.

18. At no time, did the defendant agree to be responsible for or contract with the plaintiff to assume the role of "consignee" and/or "shipper" related to any rail shipment for the benefit of Nexpak.

19. The claims of the plaintiff are without any basis and are made solely to harass the defendant when plaintiff's prior attempt to extorting shipping agreements out of the defendant were met with repeated refusal by the defendant who has no direct railroad delivery access.

20. The plaintiff's Complaint and its allegations that the defendant is a "consignee of the freight at issue" is without any basis in fact and made with prior knowledge that the assertion is false.

21. The plaintiff's Complaint is baseless under federal law as the defendant never contracted with plaintiff, never took delivery from plaintiff, never took title to the resin delivered to Nexpak until Nexpak gave the order to manufacture, and never was or agreed to act as a "consignee" of the plaintiff's rail shipments of resin to Nexpak.

WHEREFORE, defendant Port Erie Plastics respectfully requests that this Court dismiss the plaintiff's Complaint and assess damages against the plaintiff in favor of the defendant for attorney's fees and all related costs incurred in the defense of the plaintiff's improper claims.

Respectfully submitted,

*/s/ Richard J. Parks*
Richard J. Parks
MacDONALD, ILLIG, JONES & BRITTON LLP
100 State Street, Suite 700
Erie, Pennsylvania 16507-1459
(814) 870-7754

Attorneys for Defendant
 Port Erie Plastics

907140

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CSX TRANSPORTATION, INC.<br>500 Water Street<br>Jacksonville, FL  32202-4423<br>    Plaintiff<br><br>         v.<br><br>PORT ERIE PLASTICS, INC.<br>909 Troupe Road<br>Harborcreek, PA  16421<br>    Defendant | ) CIVIL ACTION<br>)<br>)<br>)<br>)<br>) CASE NO.:  05-139 Erie<br>)<br>)<br>)<br>) RELATED DOCUMENT NO. 11<br>) |

## CERTIFICATE OF SERVICE

I hereby certify a true and correct copy of the within Answer and Statement of Defenses to Plaintiff's Amended Complaint was served on counsel of record, as set forth below, by first class mail, postage pre-paid on the 15th day of September, 2005.

   Jeffrey D. Cohen, Esquire
   Janssen, Keenan & Ciardi PC
   One Commerce Square
   2005 Market St., Suite 2050
   Philadelphia, PA  19103

                    Respectfully submitted,

                    */s/ Richard J. Parks*
                    Richard J. Parks
                    MacDONALD, ILLIG, JONES & BRITTON LLP
                    100 State Street, Suite 700
                    Erie, Pennsylvania 16507-1459
                    (814) 870-7754

                    Attorneys for Defendant
                     Port Erie Plastics, Inc.