IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CSX TRANSPORTATION, INC.<br>500 Water Street<br>Jacksonville, FL  32202-4423<br>                Plaintiff | )<br>)<br>)<br>)<br>) | CIVIL ACTION |
| v. | )<br>) | CASE NO.:  05-139 Erie |
| PORT ERIE PLASTICS, INC.<br>909 Troupe Road<br>Harborcreek, PA  16421<br>                Defendant | )<br>)<br>)<br>)<br>)<br>) | RELATED DOCUMENT NO. ____<br><br>ELECTRONICALLY FILED |

**MOTION FOR SUMMARY JUDGMENT ON BEHALF OF**
**<u>DEFENDANT PORT ERIE PLASTICS</u>**

Defendant PORT ERIE PLASTICS, INC., by its attorneys, MacDonald, Illig, Jones & Britton LLP, files this Motion for Summary Judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure and LR 56.1 of the Local Civil Rules of the United States District Court for the Western District of Pennsylvania, and states the following in support thereof:

1.  This civil action involves a breach of contract claim by plaintiff CSX Transportation, Inc. ("CSX") against defendants Port Erie Plastics, Inc. ("Port Erie") set forth in Plaintiff's Amended Complaint relating to demurrage fees demanded by CSX.

2.  Defendant Port Erie seeks summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure, with respect to the breach of contract by CSX as set forth in the

- 2 -

Amended Complaint and supports this Motion for Summary Judgment with the following, all of which are incorporated herein by reference:

    (a)    Concise Statement of Material Facts in Support of Motion for Summary Judgment on Behalf of Defendant Port Erie;

    (b)    Appendix to Motion for Summary Judgment on Behalf of Defendant Port Erie that include affidavits by John Johnson, James Witkowski, and Brian Fahey, as well as depositions of the parties;

    (c)    Brief in Support of Motion for Summary Judgment on Behalf of Defendant Port Erie.

3.    There are no genuine issues as to any material fact, and defendant Port Erie is entitled to judgment as a matter of law with respect to all claims by plaintiff CSX for the following reasons.

    (a)    Port Erie was not a party to any contract with CSX relevant to the present cause of action;

    (b)    Port Erie did not receive notice of constructive placement, invalidating demurrage fees in accord with the CSX Tariff;

    (c)    A principal to the contract, BP Amoco, is listed as the party responsible for shipping fees.

- 3 -

WHEREFORE, defendant Port Erie Plastics, Inc. requests this Honorable Court to enter summary judgment in its favor and against plaintiff CSX Transportation, Inc. with respect to all claims set forth in Plaintiff's Amended Complaint.

Respectfully submitted,

s:/ *Richard J. Parks*
Richard J. Parks
PA Bar No. 40477
Scott T. Stroupe
Pa. Bar I.D. 89496
MacDONALD, ILLIG, JONES & BRITTON LLP
100 State Street, Suite 700
Erie, Pennsylvania 16507-1459
(814) 870-7754

Attorneys for Defendant
    Port Erie Plastics, Inc.

## **CERTIFICATE OF SERVICE**

    I hereby certify that copies of the foregoing Motion for Summary Judgment on Behalf of Defendant Port Erie Plastics, Inc. was served upon the following attorney of record, via First-Class United States Mail addressed as follows, this 20th day of February, 2006:

    Attorney for Plaintiff CSX Transportation, Inc.

    Charles L. Howard, Esq.
    Janssen Keenan, P.C.
    One Commerce Square
    2005 Market Street, Suite 2050
    Philadelphia, PA  19103

                                            *s:/ Richard J. Parks*
                                                   Richard J. Parks, Esq.