1                  IN THE UNITED STATES DISTRICT COURT
               FOR THE WESTERN DISTRICT OF PENNSYLVANIA
2

3    CSX TRANSPORTATION,              :
                 Plaintiff           :
4                                     :
         v.                           :   No. 05-cv-00139 SM
5                                     :
     PORT ERIE PLASTICS, INC.,        :
6                Defendant            :

7

8

9            Motion to Dismiss Hearing in the above-captioned

10       matter held on Friday, August 19, 2005, commencing at

11       1:30 p.m., before the Honorable Sean J. McLaughlin,

12       at the United States Courthouse, Courtroom C, 17 South

13       Park Row, Erie, Pennsylvania 16501.

14

15

16

17   For the Plaintiff:
          Charles L. Howard, Esquire
18        Hoyle Fickler Herschel & Mathes
          One South Broad Street
19        Suite 1500
          Philadelphia, PA 19107-3418
20

21   For the Defendant:
          Richard J. Parks, Esquire
22        MacDonald Illig Jones & Britton, LLP
          100 State Street, Suite 700
23        Erie, PA 16507

24
                 Reported by Janis L. Ferguson, RPR
25               Ferguson & Holdnack Reporting, Inc.

1                          I N D E X

2

3    TRANSCRIPTS OF PROCEEDINGS   . . . . . . . . . . . . . . . 3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1          THE COURT:  What we have for consideration today,

2     the Motion to Dismiss filed on behalf of Port Erie.  Why

3     don't you come on up to the podium.

4          MR. PARKS:  Good afternoon, Your Honor.  Richard

5     Parks on behalf of the Movant, Port Erie Plastics,

6     Incorporated.

7              May it please the Court.  This is the time

8     for a hearing on the Motion to Dismiss under Rule 12(b),

9     Your Honor.  Basically, in a very, very simple manner --

10         THE COURT:  They haven't pled that you're a party

11    to the contract.  Is that what your major objection is?

12         MR. PARKS:  The major objection is, Your Honor,

13    that they have not pled one of the two factual

14    pre-requisites for liability for demurrage under the Federal

15    Act.

16         THE COURT:  What are they, just for the record?

17         MR. PARKS:  They are -- you must be factually

18    either the shipper -- in other words, the party who ordered

19    the shipment -- or the consignee; the beneficial recipient

20    of title to whatever was shipped.

21              And, factually, they have gone straight to

22    the end, concluding the demurrage charges are there, without

23    the factual pre-requisite, which is are we a shipper or are

24    we a consignee.  And in this particular case, Your Honor,

25    they did --

1          THE COURT:  What market?  I know we're going

2     outside the four corners of the pleading, but for purposes

3     of sketching the thing in for me, what, as a matter of fact,

4     do you contend that you were or are, and what was the nature

5     of the contractual relationship, if any, here?

6          MR. PARKS:  There was no contractual relationship

7     between CSX and Port Erie Plastics.

8               What occurred in this case, as I understand

9     it from my client, Your Honor, was that Port Erie Plastics

10    had a manufacturing agreement to manufacture items for a

11    company by the name of Nexpak, N-E-X-P-A-K.  Nexpak would

12    order plastics from a plastics manufacturer, who would have

13    it shipped by the Plaintiff; in this case, CSX.  The plastic

14    was shipped by rail car to the Plastek -- not Port Erie

15    Plastics, but Plastek Plastics rail car at the direction of

16    Nexpak.

17              Nexpak would receive the shipment at Plastek,

18    and then they would contract with Presque Isle Trucking to

19    offload the rail car, and then the plastic, which was

20    owned -- was purchased by Nexpak, would be placed at Port

21    Erie Plastics in a silo that was designated for Nexpak's

22    plastic.

23              Port Erie Plastics would then, at the request

24    of Nexpak, take that plastic and manufacture a specific

25    item.  And what they were primarily, Your Honor, was the

1    jewel cases for CD's.  They would then take that.

2              When the plastic actually came out of the

3    silo and went into the press is the first time that Port

4    Erie Plastics would purchase the raw material from Nexpak.

5    And within the invoices between Nexpak and Port Erie

6    Plastics, there was a set-up charge, a manufacturing charge

7    for the purchase of the plastic.  But Port Erie Plastic was

8    not the beneficial owner of the plastic, it was not the

9    party who ordered the offload from CSX, and was not the

10   party who ordered the shipment.

11             And I realize this is all outside the

12   corners.  But what happened was they had what -- if you have

13   ever -- if the Court has ever heard of the just-in-time

14   inventory type of item, Nexpak would even -- some of these

15   shipments would be coming out of North Carolina.  Nexpak, on

16   the way to the Plastek side, would divert it to its plant in

17   Canton, and some of them were unloaded in Canton.

18             These particular items, Your Honor, they gave

19   us invoices that said we were a shipper.  That's one of the

20   reasons in my brief that it's slanted toward the shipper

21   rather than the consignee.  But we are neither, factually.

22             The Plaintiff in this case has to tell the

23   Court -- and it's a factual averment -- how you get into a

24   demurrage charge.  And they have to aver that we are either

25   factually the shipper or the consignee.  I don't think they

1    can do that, and that's why I think the Motion is Dismiss is

2    appropriate in this case.

3            THE COURT:  All right.  Let me hear from

4    Plaintiff.

5            MR. HOWARD:  Please the Court.  I'm Charles Howard

6    for CSX.

7            THE COURT:  You're going to have to keep your

8    voice up, Mr. Howard.  The court reporter -- either the

9    microphone has to get taller or you have to get shorter.

10           MR. HOWARD:  I'm Charles Howard from CSX, the

11    Plaintiff.

12           THE COURT:  Let me ask a couple questions to just

13    cut right to the chase here.  Do you agree with this legal

14    proposition, at least under Third Circuit law, that one of

15    the pre-requisites -- a pre-requisite for liability for

16    demurrage charges is that the entity against whom you are

17    seeking those charges must have been a party to the

18    transportation contract?  Do you disagree with that?

19           MR. HOWARD:  They certainly have to have been

20    either the shipper or the consignee.

21           THE COURT:  All right.  Well, let's -- I'm looking

22    at Third Circuit case law, which I'm looking at -- I'm

23    looking at Union Pacific Railroad versus Amitech, 104 F.3d,

24    558, where Judge Rosen indicated that that was the precise

25    issue they were deciding, and they determined that you must

1  be a party to transportation contract, which I suppose is

2  another way of saying you have to be a shipper consignee.

3  Is that right?

4          MR. HOWARD:  Yes.

5          THE COURT:  Now, is Port Erie, as a matter of

6  fact, a shipper or a consignee, as you understand the facts

7  giving rise to this particular claim?

8          MR. HOWARD:  They are a consignee.

9          THE COURT:  In what respect?

10          MR. HOWARD:  They have the right to receive the

11  shipment.  And under CSX's tariff, a consignee is defined as

12  the party to whom a shipment is consigned or the party

13  entitled to receive the shipment.

14          Since we got it -- since Mr. Parks got into

15  some facts, may I get into some facts?

16          THE COURT:  Yes.  That's why I asked you.

17          MR. HOWARD:  It's my understanding that these rail

18  cars, when they arrived at or near the Port Erie plant, that

19  CSX would send what was known as a fax notice to Port Erie.

20  The purpose of that fax notice was to let them know the car

21  was out there and that the demurrage clock had begun to

22  tick.

23          The response that CSX would get would be an

24  order from Port Erie to move the car so that Port Erie could

25  unload the material that was in the car.  Once that order

1    was given, the demurrage clock stopped ticking, because

2    before a demurrage charge is exacted against either a

3    shipper or consignee, there's usually a 48-hour or two-day

4    grace period.  And Mr. Parks as much as said right here that

5    Port Erie took the materials and used the materials to

6    manufacture jewel cases.

7              I think if you look at the Amitech decision,

8    you'll also see that the Court did focus on the entity that

9    actually took the goods and whether or not they did anything

10   with them.  I think that language is right in the Third

11   Circuit's decision as well.  That's what occurred here.  At

12   least that's my understanding of the facts.

13             THE COURT:  Mr. Parks is shaking his head.  But I

14   have your point.  Is there anything else you want to tell

15   me?

16             MR. HOWARD:  Other than I believe that we

17   satisfied the requirements of the federal notice.

18             THE COURT:  I don't.  But my inclination is I'm

19   probably going to let you amend.  And have a seat.  You

20   don't have to stand up.

21             Look it, we're just at the beginning of this

22   little dance here, and based upon what Mr. -- is it

23   Mr. Howell?  I apologize.

24             MR. HOWARD:  Howard.

25             THE COURT:  Based upon what Mr. Howard says, he

1    says that in his view, you are, in fact, a consignee.  And,

2    clearly, any allegation of you being a shipper or consignee

3    is notoriously absent from the Complaint.  I do agree that

4    that is an absolute necessary predicate for liability, which

5    even in the notice pleading situation should be pled.  So

6    let me get an Order on the record.

7              Presently pending before the Court is a

8    Motion to Dismiss filed on behalf of the Defendant.

9    Essentially the Defendant claims that the pleading is

10   facially deficient in that it does not allege that the

11   Defendant is either a shipper or consignee under the Act.

12             I note parenthetically that under the

13   controlling Third Circuit law, specifically Union Pacific

14   Railroad versus Amitech, 104 F.3d, 558, Third Circuit, 1997,

15   that liability may only lay against an entity for demurrage

16   charges where that entity is a party to the transportation

17   contract.

18             At oral argument, Mr. Howard advises in his

19   view and based upon his understanding of the facts that Port

20   Erie is, in fact, a consignee.

21             Consequently, I'm going to deny the Motion to

22   Dismiss.  I am going to grant the Plaintiff 10 days within

23   which to plead over and cure the previously described

24   deficiency.  Plead over and describe the -- specifically the

25   status of Port Erie.  And I presume you will plead over and

1    plead that they are a consignee.  At that point, Mr. Parks,

2    that's the Order.

3                Now, some of this stuff, it strikes me

4    intuitively, may just have to shake itself out, you know, on

5    a more fully developed record.

6                MR. PARKS:  I agree, Your Honor.  My only problem,

7    I didn't want to try to have to go down two different paths

8    in denial of the facts --

9                THE COURT:  You, actually, now know what you are

10   alleged to be.

11               MR. PARKS:  Yes.

12               THE COURT:  Whether you believe you are that or

13   not.  But that will cure the problem.

14               MR. PARKS:  And that will shake out the facts.

15               THE COURT:  Let's go off the record here for a

16   second.

17               (Discussion held off the record.)

18

19               (Hearing concluded at 1:44 p.m.)

20

21

22

23

24

25