IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CSX TRANSPORTATION, INC.<br>500 Water Street<br>Jacksonville, FL 32202-4423<br><br>　　　　　　　　　　Plaintiff<br><br>　　v.<br><br>PORT ERIE PLASTICS, INC.<br>909 Troupe Road<br>Harborcreek, PA 16421<br><br>　　　　　　　　　　Defendant. | CIVIL ACTION<br><br>CASE NO  05-139 Erie |

## CSX TRANSPORTATION, INC.'S RESPONSE TO DEFENDANT PORT ERIE PLASTIC INC.'S CONCISE STATEMENT OF MATERIAL FACTS

Plaintiff, CSX Transportation, Inc. ("CSX"), pursuant to Local Rule 56.1(C)(1), hereby submits its response to the Concise Statement of Material Facts filed by defendant, Port Erie Plastics, Inc. ("PEP") in support of its motion for summary judgment.

1　　CSX does not dispute the facts alleged in paragraph 1 to the extent that they are based on documents which speak for themselves. CSX denies that said facts are material to the claims asserted herein.

2　　CSX does not dispute the facts alleged in paragraph 2 to the extent that they are based on documents which speak for themselves. CSX denies that said facts are material to the claims asserted herein.

3.　　CSX does not dispute the facts alleged in paragraph 3 to the extent that they are based on documents which speak for themselves. CSX denies that said facts are material to the claims asserted herein

4.  CSX does not dispute the facts alleged in paragraph 4 to the extent that they are based on documents which speak for themselves. CSX denies that said facts are material to the claims asserted herein.

5.  CSX does not dispute the facts alleged in paragraph 5 to the extent that they are based on documents which speak for themselves. CSX denies that said facts are material to the claims asserted herein.

6.  CSX does not dispute the facts alleged in paragraph 6 to the extent that they are based on documents which speak for themselves. CSX denies that said facts are material to the claims asserted herein

7.  CSX does not dispute the facts alleged in paragraph 7 to the extent that they are based on documents which speak for themselves. CSX denies that said facts are material to the claims asserted herein.

8.  CSX does not dispute the facts alleged in paragraph 8 to the extent that they are based on documents which speak for themselves. CSX denies that said facts are material to the claims asserted herein.

9.  CSX denies that PEP "acted only in the capacity of agent for NexPak" on the grounds that (1) said allegation is based solely on the conclusory statement of PEP's President and (2) there is no evidence in the record which would support a finding of an agency relationship between PEP and NexPak. CSX admits that PEP gave instructions to Presque Isle Trucking ("PIT") to transport plastic resin from railroad cars parked at a railroad siding to the storage silo located at PEP's facility, and that PEP paid PIT for those transportation services.

10. CSX does not dispute that PEP responded to orders given by NexPak. CSX denies

that said facts are material to the claims asserted herein. CSX admits that PEP instructed PIT to transport quantities of plastic resin from rail cars to PEP's facility.

11. CSX does not dispute that PEP did not control CSX's transport of plastic resin to Erie, Pennsylvania. CSX denies that said facts are material to the claims asserted herein. CSX denies that PEP had no control over the constructive placement of plastic resin upon its arrival in Erie, PA. See affidavit of Williams Graham, attached as Exhibit E to CSX"s Concise Statement of Material Facts in Support of its Motion for Summary Judgment ("CSX's Concise Statement") (Docket Entry No. 22).

12. CSX does not dispute the facts alleged in paragraph 12 to the extent that they are based on documents which speak for themselves. CSX denies that said facts are material to the claims asserted herein.

13. CSX denies that PEP did not have the authority, nor did it ever attempt to exercise authority over the placement of rail cars dedicated to the transport of plastic resin. To the contrary, PIT, acting as PEP's agent, ordered the actual placement of rail cars consigned to PEP only when instructed to do so by PEP. See citation to the record at ¶ 12 of CSX's Concise Statement (Docket Entry No. 22). CSX does not dispute that PEP did not have authority, nor did it ever attempt to exercise authority over the release of rail cars. CSX denies that said facts are material to the claims asserted herein, as the demurrage at issue stopped accruing once the rail cars were ordered in upon delivery. See Affidavit of John Underwood attached as Exhibit D to CSX's Concise Statement (Docket Entry No. 22), at ¶ 7.

14. CSX denies that PEP did not have control of the plastic resin that was transported in rail cars by CSX. To the contrary, PIT, acting as PEP's agent, ordered the actual

3

placement of rail cars consigned to PEP when instructed to do so by PEP. See citation to record at ¶12 of CSX's Concise Statement (Docket Entry No 22). CSX denies that the rail cars at issue were "owned" by CSX. Rail cars owned by CSX would have an alpha prefix of "CSXT" as part of the unique car number assigned the car. See Affidavit of John Underwood attached hereto as Exhibit A. The rail cars at issue do not have "CSXT" as part of their car numbers See Affidavit of John Underwood and Michael Francis attached as Exhibits D and G to CSX's Concise Statement and also paragraphs 11 and 12 of CSX's Concise Statement (Docket Entry No.22) CSX does not dispute that PEP did not have an ownership interest in the bulk plastic while it was in transit. CSX denies that said fact is material to the claims asserted herein

15. CSX denies that PEP's only role in relation to the transportation of the plastic resin was to act in the capacity of NexPak's agent in arranging for the transport of plastic resin from rail cars to PEP's facility. To the contrary, PEP was designated as the sole consignee on each and every bill of lading which governed the shipments of plastic resin. PEP also had control over when rail cars were actually placed at the Mount Fort Terminal for unloading into PIT'S trucks. See Affidavits of John Underwood and Michael Francis, attached as Exhibits D and G to CSX's Concise Statement and also paragraphs 11 and 12 of CSX's Concise Statement (Docket Entry No 22).

16 CSX does not dispute that PEP had no involvement in the transport of the plastic resin from the plastic resin manufacturer to CSX's rail yard in Erie, Pennsylvania. CSX denies that said fact is material to the claims asserted herein CSX denies that PEP had no involvement in the transport of the plastic resin from the plastic resin

manufacturer to the rail siding at Mount Fort Terminal. To the contrary, the transport of the plastic resin in rail cars from CSX's yard to the Mount Fort Terminal occurred only when PEP instructed its agent, PIT, to bring resin to its facility. See paragraph 12 of CSX's Concise Statement (Docket Entry No. 22).

17. CSX does not dispute the facts alleged in paragraph 17. CSX denies that said facts are material to the claims asserted herein.

18. CSX denies that PEP was not a consignee in the shipment of plastic resin by CSX to Erie, Pennsylvania. To the contrary, every single one of the EDI bills of lading of record which governed the shipment of plastic resin to Erie, Pennsylvania clearly identify PEP as the sole consignee of said shipments. See Affidavits of John Underwood and Michael Francis, attached as Exhibits D and G to CSX's Concise Statement (Docket Entry No. 22). CSX has no knowledge as to whether PEP gave the shipper consent to name it as the sole consignee and, therefore, disputes same. CSX denies that said fact is material to the claims asserted herein.

19. CSX does not dispute the facts alleged in paragraph 19. CSX denies that said facts are material to the claims asserted herein.

20. CSX does not dispute that all documentation with regard to the relevant rail shipments of resin did not result from any communication *directly* between CSX and PEP. CSX does dispute, however, that all documentation with regard to the relevant rail shipments of resin did not result from any communication between CSX and PEP. To the contrary, CSX sent constructive placement notices to PIT, acting as PEP's agent, for each shipment which arrived in Erie, Pennsylvania. CSX does not dispute that all documentation with regard to relevant rail shipments of resin did not result

from any contract directly between CSX and PEP. CSX denies that said fact is material to the claims asserted herein.

21. CSX denies that the bill of lading attached as Exhibit I to PEP's Concise Statement of Facts references PEP "ambiguously" as a "Ship To" address. First, the bill of lading attached as Exhibit I to PEP's Concise Statement of Facts is a document which speaks for itself. Second, said bill of lading, which concerns a shipment which occurred in June of 2004, is not relevant to the claims herein, all of which arose in 2002 and 2003. The document also refers to a railcar which is not at issue in this lawsuit.

22. CSX admits that "Mont Fort Terminal" is referenced as a "Ship To" address on the bill of lading attached as Exhibit I to PEP's Concise Statement of Facts. Said bill of lading, however, which concerns a shipment which occurred in June of 2004, is not relevant to the claims herein, all of which arose in 2002 and 2003, as it refers to a railcar which is not at issue in this lawsuit. CSX does not dispute that Mont Fort terminal is not the property of PEP. CSX denies that said fact is material to the claims asserted herein.

23. CSX does not dispute the facts alleged in paragraph 23. CSX denies that said facts are material to the claims asserted herein.

24. CSX does not dispute the facts alleged in paragraph 24. CSX denies that said facts are material to the claims asserted herein.

25. CSX disputes that PEP notified CSX that PEP was not the consignee of the subject shipments, and that CSX's waybills designating PEP as consignee are incorrect during the time period when demurrage charges were accruing. CSX denies that the fact of PEP's notification is material to the claims asserted herein. CSX denies that

PEP is not the consignee of the subject shipments and also denies that CSX waybills designating PEP as the consignee are incorrect. See Affidavit of Michael Francis, attached on Exhibit G to CSX's Concise Statement (Docket Entry No. 22) See also Underwood Affidavit, Exhibit A hereto.

26  CSX denies that PEP did not, at any time relevant to the present cause of action, receive from CSX notice of constructive placement for the shipments of plastic resin at issue. To the contrary, PIT, acting as PEP's agent, received constructive placement notices faxed by CSX for each of the shipments at issue See paragraph 11 of CSX's Concise Statement (Docket Entry No. 22)

27. CSX denies that the email, which is Exhibit E to PEP's Concise Statement of Facts, and which provides the basis for PEP's assertion that CSX "first assert[ed] that CSX provided notice of constructive placement to" PEP, contradicts the testimony of John Underwood, which provides the basis of PEP's assertion that CSX "now admits that it did not provide" PEP "with notice of constructive placement To the contrary, notice of constructive placement of the railcars sent to PIT was the same as notice to PEP in light of the fact that PEP had designated PIT as its agent for receipt of said notice See Affidavit of William Graham attached as Exhbit E to CSX's Conscise Statement (Docket Entry No. 22).

28. CSX admits that constructive placement notices were faxed to PIT, which received said notices while acting in the capacity of PEP's agent. CSX further states that said faxed notices were directed to PIT **as a result of contact information provided to CSX by PEP.** See Affidavit of William Graham attached as Exhibit E to CSX's Concise Statement (Docket Entry No.22)

29. CSX denies the allegations contained in paragraph 29. To the contrary, PEP provided CSX with the contact information which it used when transmitting constructive placement notices. See Affidavit of William Graham attached as Exhibit E to CSX's Concise Statement (Docket Entry No 22).

30. Admitted

31. CSX does not dispute the facts alleged in paragraph 31. CSX denies that said facts are material to the claims asserted herein.

Respectfully submitted,

/s/ Charles L. Howard
Charles L. Howard
**JANSSEN & KEENAN P.C.**
One Commerce Square
2005 Market Street, Suite 2050
Philadelphia, PA 19103
(215) 665-8888
(215) 665-8887 (fax)
E-mail: choward@janssenkeenan.com

Dated: March 13, 2006

Attorneys for Plaintiff
CSX Transportation, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2006, a copy of the foregoing **CSX TRANSPORTATION, INC.'S RESPONSE TO DEFENDANT PORT ERIE PLASTIC INC.'S CONCISE STATEMENT OF MATERIAL FACTS** was filed electronically. Notice of this filing will be sent to the following counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

       **Richard J. Parks**, Esquire
       MacDonald, Illig, Jones & Britton LLP
       100 State Street
       Suite 700
       Erie, PA 16507-1459

By:  */s/ Charles L. Howard*
       Charles L. Howard *(pro hac vice)*
       Jeffrey D. Cohen
       JANSSEN & KEENAN P.C.
       One Commerce Square
       2005 Market Street, Suite 2050
       Philadelphia, PA 19103
       (215) 665-8888
       (215) 665-8887 (fax)
       E-mail: choward@janssenkeenan.com