IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CSX TRANSPORTATION, INC. | ) | CIVIL ACTION |
| 500 Water Street | ) | |
| Jacksonville, FL  32202-4423 | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | CASE NO.:  05-139 Erie |
| | ) | |
| PORT ERIE PLASTICS, INC. | ) | |
| 909 Troupe Road | ) | |
| Harborcreek, PA  16421 | ) | RELATED DOCUMENT NO. 22 |
| | ) | |
| Defendant | ) | ELECTRONICALLY FILED |

**DEFENDANT PORT ERIE PLASTICS' RESPONSE TO**
**CSX TRANSPORTATION'S CONCISE STATEMENT OF MATERIAL FACT**

AND NOW, comes defendant Port Erie Plastics, Inc., pursuant to Local Rule 56.1(C)(1) and files this response to plaintiff CSX Transportation Inc.'s concise statement of material fact, and states the following.

1. Admitted.

2. Admitted.

3. Denied.  Port Erie Plastics, Inc. ("Port Erie") disputes the materiality of Statement No. 3. The existence of a Port Erie rail siding (or lack thereof) is not material to the instant case. The choice of how to ship the plastic resin in question and where to ship this resin was

1

completely under the control of NexPak and BP Amoco. (Ex. A; Ex. N., Johnson depo., p. 10-11; Ex. O, Witkowski depo., p. 22, 23-24.) (*All exhibit numbers herein refer to defendant Port Erie exhibits to Port Erie's Motion for Summary Judgment).

4. Denied as stated. Port Erie disputes the accuracy of Statement No. 4. Port Erie followed the direction of NexPak and worked with Presque Isle Trucking to enable NexPak to transfer its plastic resin from the Mont Fort facility in Erie, PA, to Port Erie's Harborcreek facility. (Ex. A; Ex. N., Johnson depo., p. 10-11; Ex. O, Witkowski depo., p. 22, 23-24.)

5. Denied. Port Erie disputes the accuracy of Statement No. 5. The "inbound shipments" were not Port Erie shipments. (Ex. C.)

6. Denied. Port Erie disputes the materiality of Statement No. 6. Port Erie denies that the provisions of the CSX tariff are material to the issue before this Honorable Court. Port Erie was not aware of, nor did it ever consent to being a party to any transportation (shipping) contract with CSX or any other rail entity. (Ex. A; Ex. K. No. 5; Ex. N, Johnson depo, pp. 13-14; Ex. O, Witkowski depo., pp. 44 -45; Ex. P, Underwood depo., p. 7. )

7. Denied. Port Erie disputes the materiality of Statement No. 7. Port Erie denies that the provisions of the CSX tariff are material to the issue before this Honorable Court. Port Erie was not aware of, nor did it ever consent to being a party to any transportation

(shipping) contract with CSX or any other rail entity. (Ex. A; Ex. K. No. 5; Ex. N, Johnson depo, pp. 13-14; Ex. O, Witkowski depo., pp. 44 -45; Ex. P, Underwood depo., p. 7.)

8. Denied.  Port Erie disputes the materiality of Statement No. 8.  Port Erie denies that the provisions of the CSX tariff are material to the issue before this Honorable Court. Port Erie was not aware of, nor did it ever consent to being a party to any transportation (shipping) contract with CSX or any other rail entity. (Ex. A; Ex. K. No. 5; Ex. N, Johnson depo, pp. 13-14; Ex. O, Witkowski depo., pp. 44 -45; Ex. P, Underwood depo., p. 7).

9. Denied.  Port Erie disputes the materiality of Statement No. 9.  Port Erie denies that the provisions of the CSX tariff are material to the issue before this Honorable Court. Port Erie was not aware of, nor did it ever consent to being a party to any transportation (shipping) contract with CSX or any other rail entity. (Ex. A; Ex. K. No. 5; Ex. N, Johnson depo, pp. 13-14; Ex. O, Witkowski depo., pp. 44 -45; Ex. P, Underwood depo., p. 7).

10. Denied.  Port Erie disputes the materiality of Statement No. 10.   Port Erie denies that the provisions of the CSX tariff are material to the issue before this Honorable Court. Port Erie was not aware of, nor did it ever consent to being a party to any transportation (shipping) contract with CSX or any other rail entity. (Ex. A; Ex. K. No. 5; Ex. N,

Johnson depo, pp. 13-14; Ex. O, Witkowski depo., pp. 44 -45; Ex. P, Underwood depo., p. 7.)

11. Denied.  Port Erie disputes the accuracy of Statement No. 11.  Port Erie disputes that Port Erie designated Presque Isle Trucking to receive any notice of constructive placement.  In fact, any such assertion by plaintiff was just developed after discovery was closed, and after plaintiff admitted, contrary to its pleadings, that CSX never provided Port Erie with constructive notice. (Ex. A; Ex. N, Johnson depo, pp. 7-8, 11-12; Ex. O, Witkowski depo, p. 23; Ex. Q, Bartosik depo., p. 47).

12. Denied.  Port Erie disputes the accuracy of Statement No. 12.  Port Erie disputes that Presque Isle Trucking unloaded rail cars "on behalf of PEP."  NexPak was in control of all aspects of the shipments of plastic resin at issue, and in fact owned the plastic resin and diverted the resin to other locations after delivery to Erie. (Ex. A; Ex. N., Johnson depo., pp. 10-11; Ex. O, Witkowski depo., pp. 22, 23-24; Ex. O).

13. Denied.  Port Erie disputes the accuracy of Statement No 13.  Presque Isle Trucking would not issue orders to CSX "on behalf of PEP."  It further disputes that Presque Isle Trucking even issued orders based on communications with Port Erie.  Presque Isle Trucking stated it requested that CSX move NexPak's railcars into the Mont Fort terminal based upon the timing of empty rail cars leaving the terminal. (Ex. A; Ex. N., Johnson depo., pp. 10-11; Ex. O, Witkowski depo., pp. 22, 23-24; Ex. Q, Bartosik depo., pp. 15, 33-34; Ex. Q, Bartosik depo., pp. 15, 33-34).

4

14. Denied.  Port Erie disputes the accuracy of Statement No. 14.  Presque Isle Trucking was never authorized by Port Erie as an agent to receive notice of constructive placement. Any such averments have been just recently asserted by plaintiff after the close of discovery and in conflict with plaintiff's prior assertion that it had given constructive notice.  Presque Isle Trucking did not issue orders to CSX "on behalf of PEP."  It further disputes that Presque Isle Trucking even issued orders based on communications with Port Erie.  Presque Isle Trucking stated that it requested that CSX move NexPak's railcars into the Mont Fort terminal based upon the timing of empty rail cars leaving the terminal. (Ex. A;  Ex. N., Johnson depo., pp. 10-11; Ex. O, Witkowski depo., pp. 22, 23-24; Ex. Q, Bartosik depo., pp. 15, 33-34).

15. Denied.  Port Erie disputes the materiality of Statement No. 15.  Port Erie denies that the provisions of the CSX tariff are material to the issue before this Honorable Court. Port Erie was not aware of, nor did it ever consent to being a party to any transportation (shipping) contract with CSX or any other rail entity relevant to the instant case. (Ex. A; Ex. K. No. 5;  Ex. N, Johnson depo, pp. 13-14; Ex. O, Witkowski depo., pp. 44 -45; Ex. P, Underwood depo., p. 7)

16. Denied.  Port Erie disputes the accuracy of Statement No. 16.  The name "Port Erie Plastics" is noted in a box that is designated as a "Ship To (consignee) " destination.  Port Erie was not a party to that document and did not consent to the shipping contract between BP Amoco and NexPak.  Port Erie also disputes the materiality of Statement

5

¶16.    Port Erie was not aware of, nor did it ever consent to being a party to any transportation (shipping) contract with CSX or any other rail entity. (Ex. A; Ex. K. No. 5; Ex. N, Johnson depo, pp. 13-14; Ex. O, Witkowski depo., pp. 44 -45. Ex. P, Underwood depo., p. 7)

17. Denied.  Port Erie disputes the accuracy of statement No. 17.  Port Erie received three invoices from CSX.  Further, Port Erie did not "incur" any charges from CSX because it was not a party to the transportation (shipping) contract. (Ex. A; Ex. K. No. 5; Ex. N, Johnson depo, pp. 13-14; Ex. O, Witkowski depo., pp. 44 -45; Ex. P, Underwood depo., p. 7.)

18. Denied.  Port Erie disputes the accuracy of Statement No. 18.  Port Erie did not owe any amount to CSX because it was never a party to the transportation contract. (Ex. A; Ex. K. No. 5; Ex. N, Johnson depo, pp. 13-14; Ex. O, Witkowski depo., pp. 44 -45; Ex. P, Underwood depo., p. 7.)

    Respectfully submitted,

s:/ *Richard J. Parks*
Richard J. Parks
Pa. Bar I.D. No. 40477
Scott T. Stroupe
Pa. Bar I.D. No. 89496
MacDONALD, ILLIG, JONES & BRITTON LLP
100 State Street, Suite 700
Erie, Pennsylvania 16507-1459
(814) 870-7654
FAX (814) 454-4647
rparks@mijb.com
Attorneys for defendant
  Port Erie Plastics, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that copies of the foregoing Response to Defendant's Concise Statement of Material Fact Judgment of Port Erie Plastics, Inc. was served upon the following attorney of record, via electronic transmission by the procedures of this Court as follows, this 13th day of March, 2006:

       Charles L. Howard, Esq.       choward@janssenkeenan.com

       *s:/ Richard J. Parks*
       Richard J. Parks, Esq.

943000